UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| RENEE M. ARGO, ) | |
| ) | |
| Petitioner, ) | |
| ) | No. 07-cv-4016 |
| v. ) | |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## O P I N I O N  &  O R D E R

Before the Court is a Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255. For the reasons stated below, the Motion is DENIED.

### BACKGROUND

On July 23, 2003, Petitioner, Renee Argo, was charged by indictment with the following crimes: (1) Conspiracy to Manufacture Methamphetamine, in violation of 21 U.S.C. § 846; (2) Maintaining a Place for Manufacturing Methamphetamine, in violation of 21 U.S.C. §§ 856(a)(1) and (b); and (3) Endangering Human Life While Manufacturing Methamphetamine, in violation of 21 U.S.C. § 808. On January 6, 2004, Petitioner entered into a written plea agreement with the Government, in which Petitioner pleaded guilty to all charges in the indictment. On April 8, 2004, Petitioner was sentenced to 292 months of imprisonment and five years of supervised release. Judgment was entered on April 16, 2004. Petitioner did not appeal. On June 8, 2005, the Government filed a Motion pursuant to Federal Rule of Criminal Procedure 35(b). On August 5, 2005, the Court granted

that motion and, accordingly, Petitioner's sentence was reduced to 180 months. An Amended Judgment reflecting the downward adjustment in sentencing was entered on August 18, 2005.

On April 2, 2007, the Court received a letter from Petitioner, which the Court construed as a section 2255 motion (Doc. 1). In this letter, Petitioner alleged that "[her trial] attorney on this case, Steve Hanna, previously represented Richard D. Lear[,] who provided information against [her]." Petitioner stated that she believed this to be a conflict of interest. Upon receipt of the letter, the Court appointed Mr. G. Trent Marquis as counsel for Petitioner (Doc. 2). In addition, the Court subsequently directed Petitioner to file an amended motion to clarify and substantiate her claims. (TEXT ORDER of May 29, 2007). Before Petitioner filed an amended motion, her appointed counsel moved to withdraw from the case on the ground that, after diligent investigation and research, he found Petitioner's claims for relief to be without merit. The Court granted counsel's motion to withdraw on February 7, 2008 (Doc. 14).

Acting pro se, Petitioner filed an Amended Section 2255 Motion ("Amended Motion") on February 21, 2008 (Doc. 15). The Amended Motion included, among other claims, an ineffective assistance of counsel claim relating to Mr. Hanna's alleged conflict of interest while representing Petitioner as trial counsel. Subsequently, Petitioner submitted numerous other filings requesting clarification on various maters and asking for updates on the status of her case. On March 4, 2008, after reviewing the Amended Motion, the Court issued an order directing the

parties to submit briefing on the issue of the Amended Motion's timeliness in light of the limitation period set forth in 28 U.S.C. § 2255(f).  On May 13, 2008, Respondent filed a motion to dismiss in which Respondent argued that Petitioner's section 2255 was untimely (Doc. 19).  Petitioner responded on June 16, 2008 (Doc. 21). On July 15, 2008, the Court ordered additional briefing on the timeliness issue and directed the parties to submit supplemental briefs on or before July 31, 2008 (Doc. 23).  On July 31, 2008, Respondent submitted its supplemental brief in support of its motion to dismiss (Doc. 24).  Petitioner did not submit a supplemental brief by the deadline and has not, to date, complied with the Court's July 15, 2008 Order.

## LEGAL STANDARD

In order for a court to grant relief under 28 U.S.C. § 2255, a petitioner must show that her "sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a).  A one-year period of limitation applies to the filing of a section 2255 motion.  For purposes of this case, the limitation period runs from the latest of: (1) the date on which the judgment of conviction becomes final; or (4) the date on which the facts supporting the claim

presented could have been discovered through the exercise of due diligence.[1] See 28 U.S.C. § 2255(f).

One ground for relief in a section 2255 motion is ineffective assistance of counsel. Criminal defendants are guaranteed, by the Sixth Amendment, the right to representation by a competent attorney. In order to substantiate a claim of ineffective assistance of counsel, a habeas petitioner must show (1) that her trial counsel's representation was so poor as to fall below a threshold of objective reasonableness and (2) that, but for her counsel's failure, the result of her criminal proceedings would have probably been different. Strickland v. Washington, 466 U.S. 668 (1984).

## ANALYSIS

The Amended Motion includes the following claims:

1. Petitioner's trial counsel, Mr. Hanna, was constitutionally ineffective in representing Petitioner in the underlying criminal case. Petitioner claims that Hanna knowingly represented Petitioner and a person named Richard D. Lear at the same time. According to Petitioner, Lear was a federal informant who provided information about her. Petitioner claims that she was not aware of this "conflict of

---

[1] Alternatively, the limitation period begins to run on either of the following dates, provided that either date is the latest of the applicable dates under 28 U.S.C. § 2255(f): (A) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; or (B) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review. See 28 U.S.C. § 2255(f)(2) & (3). Both parties agree that neither of these two dates is relevant to the instant section 2255 motion.

interest" until she was notified by Lear's family at some point after her sentencing. Petitioner does not give a date as to when she was so notified. Petitioner goes on to claim that, had she known that Hanna represented Lear, she would have found a different attorney to represent her.

2. Petitioner is due a reduction in sentence for providing information about an individual, which information assisted with a successful prosecution of this individual.

3. The sentencing court improperly enhanced Petitioner's sentence based on prior drug felonies for which Petitioner was never convicted.

The Amended Motion also provides details of Petitioner's conversations with Mr. Marquis, her initial appointed counsel in this case. Petitioner asserts that Marquis had a conflict of interest involving Mr. Hanna, although Petitioner does not make any attempt to explain this alleged conflict. In addition, the Amended Motion includes a statement indicating that Petitioner was unaware that she had signed a plea agreement promising that she would not file a section 2255 motion based on ineffective assistance of counsel.

None of Petitioner's claims justifies relief under 28 U.S.C. § 2255. First, Petitioner's request for a further reduction in her sentence, based on her cooperation with the Government in a matter unrelated to the underlying criminal case, is not cognizable in a habeas proceeding. See 28 U.S.C. § 2255(a). Second, Petitioner's sentence enhancement claim is time-barred under the one-year limitation period provided in 28 U.S.C. § 2255(f)(1). Under that statute, the

limitation period for filing a section 2255 motion runs from the date on which the judgment of conviction becomes final. Petitioner makes no argument against the application of §2255(f)(1) to her sentence enhancement claim. She does not, for example, argue that the facts necessary to assert the claim were unavailable until sometime after her conviction became final.² The judgment of Petitioner's conviction became final on April 30, 2004 — when the opportunity for direct appeal expired. See Fed. R. App. P. 4(b)(1)(A)(i); United States v. Teneng, 2008 WL 4681142, at *3 (N.D. Ill. May 19, 2008). Petitioner had one year from that date to advance the sentence enhancement claim. She failed to assert the claim until she filed her Amended Motion on February 21, 2008, over two years after the limitation period had expired. Accordingly, the sentence enhancement claim is time-barred.

The only remaining claim is Petitioner's claim that Mr. Hanna, her trial counsel, was constitutionally ineffective in representing her in the underlying criminal case. The parties dispute whether this claim is timely. The limitations requirement under 28 U.S.C. § 2255(f) is procedural, not jurisdictional. See Nolan v. United States, 358 F.3d 480, 483 (7th Cir. 2004). It would be a waste of judicial resources to hold an evidentiary hearing or to order another round of briefing on a

---

² In her Amended Motion, Petitioner argues that she was "improperly sentenced for prior drug felonies that she did not have." She goes on to state that "[a]ccording to the court docket from Rock Island County petitioner only had driving while suspended charges that were not drug or alcohol related. Any other charges petitioner had were dismissed prior to going to court on those charges or going to federal court." If the sentencing court incorrectly sentenced Petitioner based on previous crimes for which she was charged but not convicted, Petitioner would have or should have had knowledge of this alleged defect in sentencing at the time the sentence was imposed.

procedural matter when the underlying claim for post-conviction relief is so clearly without merit. The Court will therefore assume, without deciding, that the ineffective assistance claim is timely and proceed to the substance of the claim.

Under Strickland, Petitioner must show (1) that Mr. Hanna's performance as trial counsel fell below an objective threshold of reasonableness and (2) that Petitioner was prejudiced by this poor performance. Petitioner does not allege sufficient facts to satisfy either of these requirements. The evidence is uncontroverted that Hanna's representation of Mr. Lear was in connection with a civil matter completely unrelated to Petitioner's criminal case.[3] (Hanna Aff. ¶ 4). Further, Hanna unequivocally states in his affidavit that Lear's parental rights were terminated before Petitioner was indicted in July 2003 and that the last time Hanna spoke to Lear was on May 19, 2003 at the Henry County Courthouse. (Hanna Aff. ¶¶ 3-4). Petitioner's conclusory statement that Hanna concurrently represented both Lear and herself is, standing alone, insufficient to warrant an evidentiary hearing on that point. See Oliver v. United States, 961 F.2d 1339, 1343 n.5 (7th Cir. 1992) ("[n]o hearing is required in a section 2255 proceeding if . . . the allegations in the motion are unreasonably vague, conclusory, or incredible, or if the factual matters raised by the motion may be revolved on the record before the district court . . . .")

More importantly, Petitioner, despite being given numerous opportunities to do so, has not alleged facts to support the claim that Hanna's prior representation of

---

[3] Specifically, Hanna represented Lear in a matter regarding the termination of Lear's parental rights. (Hanna Aff. ¶ 3).

Lear had any negative effect on Hanna's performance as Petitioner's trial counsel. Therefore, the ineffective assistance claim is without merit. Petitioner would have the Court ponder and invent scenarios in the vaguely alleged "conflict of interest" involving Mr. Lear could have been detrimental to Petitioner's criminal defense. The Court will not accept this invitation. It was Petitioner's burden to put forth facts that would satisfy <u>Strickland</u>'s "prejudice" prong, and Petitioner did not meet that burden.

## CONCLUSION

The instant Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 is DENIED. All other pending motions are MOOT.

CASE TERMINATED.


Entered this <u>17th</u> day of November, 2008.

s/ Joe B. McDade
JOE BILLY MCDADE
United States District Judge

8